UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SECURITIES AND EXCHANGE
COMMISSION,

                          Plaintiff,                **ORDER**

       -against-                       04 CV 4057 (DRH) (ARL)

ISHOPNOMARKUP.COM, INC.,
ANTHONY M. KNIGHT, and
MOUSSA YEROUSHALMI also known as
Mike Yeroush,

                          Defendants.
-------------------------------------------------------X

**HURLEY, Senior District Judge:**

      Presently before the Court is a motion made by pro se defendant Anthony M. Knight

("Knight") seeking reconsideration of the Court's March 3, 2012 Order denying his request for

leave to make a dispositive motion.  For the reasons set forth below, Knight's motion is denied.

      Although the grounds set forth in Knight's present motion for reconsideration have

already been presented to (and analyzed by) this Court on multiple occasions, given that Knight

is proceeding pro se, and given that the Court intends this to be its final Order addressing

Knight's repeated requests for leave to make a dispositive motion, the procedural background of

this case is set forth at length below.

### *BACKGROUND*

      The United States Securities and Exchange Commission (the "SEC") commenced this

action against defendants iShopNoMarkup.com, Inc. ("iShop"), Scott W. Brockop, Moussa

Yeroushalmi, also known as Mike Yeroush ("Yeroush"),[1] and Knight, based upon their alleged

---

[1]     Brockop defaulted and on October 26, 2006 the Court entered a judgment against
him.  (Docket No. 58.)  In November 2010, Yeroush consented to the entry of judgment against

violations of the registration provisions of the securities laws, specifically Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77e(a), (c), as well as the anti-fraud provisions of the securities laws, which are set forth in Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b); and Rule 10b-5, 17 C.F.R. § 240.10b-5.  (Compl. ¶ 9.)

**The February 23, 2006 Scheduling Order and Knight's First Request to Make a Dispositive Motion**

Pursuant to a February 23, 2006 Order of Magistrate Judge Arlene R. Lindsay, discovery in this action closed on April 28, 2006 and all dispositive motions were to have been initiated by May 12, 2006.  (Docket No. 37.)  None of the defendants, including Knight – who was represented by counsel as of that time – objected to Judge Lindsay's scheduling order or requested any extensions of the deadlines set forth therein.

On February 2, 2007, the parties appeared before Judge Lindsay for a status conference, and during that conference, Judge Lindsay granted a motion made by the law firm of Carney & McKay seeking to be relieved as counsel for Knight.  (Docket No. 78.)  Judge Lindsay noted that Knight had failed to produce certain documents, and directed him to do so by February 9, 2007. (*Id.*)

By letter dated June 26, 2007, Knight requested permission to move for summary judgment.  (Docket No. 80, Ex. 1.)  The Court denied Knight's request on the grounds that the

---

him.  (*See* Endorsed Order, dated December 9, 2010 (Docket No. 136).)  Pursuant to the Consent Judgment, Yeroush was subject to permanent injunctions and was ordered to pay civil monetary penalties.  By Memorandum & Order dated March 3, 2012, the Court denied the SEC's motion for an Order barring Yeroush from serving as an officer or director of a public company.  (Docket No. 165.)

May 12, 2006 deadline set forth in Judge Lindsay's February 23, 2006 Scheduling Order had

passed and Knight had neither requested an extension of that deadline or "satisfactorily explained

his failure to abide" by that deadline.  (Aug. 14, 2007 Order at 1 (Docket No. 82).)

***The Parties' Discovery Disputes and Judge Lindsay's May 20, 2009 Order Allowing Limited
Additional Discovery***

On June 13, 2008, a final pre-trial conference was held before this Court and a jury trial

was scheduled for September 29, 2008.  (Docket No. 88.)  Due to the Court's schedule, this trial

date was adjourned to January 26, 2009.  (Aug. 15, 2008 Elec. Order.)  On January 5, 2009, the

SEC timely filed a motion in limine, and the Court adjourned the January 26, 2009 trial date and

set oral argument on the in limine motion for January 29, 2009.  (Jan. 15, 2009 Elec. Order; Jan.

21, 2009 Elec. Order.)  At the January 29, 2009 in limine hearing, the Court ruled, *inter alia*, that

Knight was to be deposed at his expense and that both iShop and Knight were to make certain

other disclosures by February 13, 2009.  (Docket No. 109.)

By April 2009, several discovery applications were pending before the Court, including a

motion by Knight seeking to re-open discovery and an application by the SEC to limit the scope

of the advice of counsel defense based on defendants' failure to provide certain discovery.  The

Court referred these issues to Judge Lindsay for resolution.  (Apr. 23, 2009 Order at 2 (Docket

No. 121).)

By Order dated May 20, 2009, Judge Lindsay permitted the parties to conduct a very

limited amount of additional discovery.  First, defendants were required to produce certain

documentation that had not previously been produced.  (*See* Docket No. 122 ¶ 1.)  Second, Judge

Lindsay ordered Knight to make a certain witness (who was apparently within his control)

available for a telephone deposition.  (*Id.* ¶ 3.)  Third, the SEC was permitted to depose certain

"custodian witnesses," while the named defendants in this action, including Knight, were ordered

"to bear the cost of all depositions as a sanction for defendants' belated identification of

witnesses who may know pertinent information."  (*Id.* ¶ 5.)  Finally, Judge Lindsay ordered that

"[n]o new discovery matters may be raised beyond those raised at today's conference."  (*Id.* ¶ 9.)

All discovery was to be completed by August 21, 2009.  (*Id.* ¶ 8.)

On September 11, 2009, Judge Lindsay accepted the parties' Joint Pretrial Order for filing

subject to this Court's rulings with respect to the parties' evidentiary objections and anticipated

motions in limine, and deemed the case trial-ready.  (Docket No. 126.)

### *Knight's Second Request to Make a Dispositive Motion*

By letter dated October 7, 2009, Knight requested permission to move for summary

judgment.  (Docket No. 128.)[2]  This request was opposed by the SEC.  (Docket No. 127.)  On

August 26, 2010, without leave of the Court, Knight filed a motion seeking the dismissal of the

Complaint pursuant to Rule 12(b)(6) or, in the alternative, seeking summary judgment pursuant

to Rule 56.  (Docket No. 129.)  By letter dated August 31, 2010, the SEC requested that the

Court deny Knight's motion as untimely.  (Docket No. 130.)

On October 19, 2010, the Court denied Knight's request for permission to move for

summary judgment and terminated his motion to dismiss/motion for summary judgment.

(Docket No. 131.)  In that Order, the Court concluded that Knight had improperly filed his

motion in contravention of Rule 3(A) (setting forth a pre-motion conference requirement) and

---

[2]     Knight's request stated, in its entirety: "In light of evidence presented in recent
discovery and per rule 56 of the Fed. R. Civ. Pro., I hereby request your permission to file for
summary judgment."  (Docket No. 128.)

Rule 3(F) (the "Bundle Rule") of the Court's Individual Practice Rules.  In any event, the Court denied Knight's request for leave to file a motion for summary judgment as untimely, noting that discovery had closed on April 28, 2006 and Judge Lindsay's original scheduling order, dated February 22, 2006, had required all dispositive motions to be initiated by May 12, 2006.  The Court found that Knight had failed to demonstrate why the Court should grant him permission to file a motion for summary judgment when the deadline for doing so had expired more than four years prior.  (Oct. 19, 2010 Order at 2.)

The Court took note of Judge Lindsay's May 20, 2009 Order, pursuant to which she had "ordered the parties to complete certain outstanding discovery."  (*Id.* at 2 n.2.)  This additional discovery period, however, did not weigh in favor of granting Knight's request to make a dispositive motion because "Knight [had] not asserted that any of the information uncovered as part of this additional discovery necessitated his motion for summary judgment."  (*Id.*)

### *Knight's Third Request to Make a Dispositive Motion*

On November 24, 2010, Knight moved for reconsideration of the Court's October 19, 2010 Order.  (Docket No. 134.)  In an Order dated December 9, 2010, the Court denied Knight's motion.  (Docket No. 137.)  Initially, the Court noted that Knight's motion was untimely, as it was filed outside the 14-day window set forth in Local Civil Rule 6.3.  (Dec. 9, 2010 Order at 3-4.)  The Court further found that Knight had not presented any matters that the Court overlooked in rendering its October 19, 2010 Order.  Knight argued that the Court overlooked his assertion that he wished to move for summary judgment "in light of evidence presented in recent discovery," which apparently referred to evidence uncovered during the additional discovery period permitted by Judge Lindsay in her May 20, 2009 Order.  (*See id.* at 5.)  After examining

5

Judge Lindsay's May 20, 2009 Order in detail (*id.*), the Court stated:

> Based on this limited discovery – all of which appears to be either
> documents that defendants were required to produce to the SEC or
> witnesses within the defendants' control who were to be deposed by
> the SEC –  it is unclear how Knight could have acquired new
> information that would have formed the basis of a summary judgment
> motion.  Moreover, Knight's November 24, 2010 letter does not
> explain to the Court which newly-acquired piece of discovery formed
> the basis of his untimely request to move for summary judgment.
> Knight supplies the Court with a list of exhibits that were attached to
> his terminated motion for summary judgment and states: "The [SEC]
> in [its] complaint and papers has asserted allegations which are in fact
> refuted by the evidence as exemplified in these exhibits."  (Docket
> No. 134 at 2.)  Knight does not specify, however, which (if any) of
> these exhibits were produced during the additional discovery period
> ordered by Magistrate Judge Lindsay.  Put another way, although
> Knight claims that his terminated motion for summary judgment was
> based upon "evidence presented in recent discovery" he has never
> elucidated for the Court which "evidence" he is referring to and when
> that "recent discovery" was produced.  In short, Knight has failed to
> make a sufficient showing of "good cause" to justify permitting him
> to file a dispositive motion more than four years after the expiration
> of the deadline for doing so.

(Dec. 9, 2010 Order at 5-6 (internal citation omitted).)  Accordingly, the Court denied Knight's

motion for reconsideration.

### Knight's Fourth Request to Make a Dispositive Motion

By letter dated January 1, 2011 – 22 days after the December 9, 2010 Order was issued –

Knight moved for reconsideration of the Court's December 9, 2010 Order and again requested

leave to make a dispositive motion.  (Docket No. 147.)  By Order dated March 3, 2012, the Court

denied Knight's request "for the same reasons thoroughly articulated by the Court in three prior

Orders: the deadline to file dispositive motions expired on May 12, 2006 and Knight has set forth

no reasonable explanation why the Court should grant him permission to file a dispositive

motion at this late juncture."  (Mar. 3, 2012 Order at 1 (Docket No. 166).)

***The Present Motion for Reconsideration***

Presently before the Court is Knight's March 12, 2012 motion seeking reconsideration of the Court's March 3, 2012 Order.  (Docket No. 168.)[3]  In his motion, Knight states: "In 2009 discovery was re-opened with important new evidence that was entered into the case.  Honorable Judge Lindsay's Order for dispositive motions to be filed by May 12, 2006 predated the new discovery and did not include the new evidence entered in 2009."  (*Id.*)  The SEC opposed Knight's application by letter dated March 26, 2012, asserting that the standard for granting motions for reconsideration has not been met in this case given that Knight's current application "largely restated the arguments set forth in the underlying motion papers that were [previously] fully considered and addressed" by the Court.  (Docket No. 170 at 2.)

On April 6, 2012, Knight submitted a reply in further support of his motion for reconsideration.  (Docket No. 176.)  By letter dated April 19, 2012, the SEC filed a sur-reply.  (Docket No. 177.)  Knight argues that sur-replies are generally prohibited absent leave of the Court and, as such, the SEC's April 19, 2012 sur-reply should be stricken from the docket.  (Docket No. 181.)  My Individual Practice Rule 3(D) states that "[n]o sur reply is permitted" in connection with any motion filed with this Court and, given that the SEC did not request that this provision of Rule 3(D) be waived in this instance, Knight's motion to strike the SEC's April 19, 2012 sur-reply is granted.  The Court now turns to the merits of Knight's motion for reconsideration.

---

[3]     A duplicate copy of this application was also filed as Docket No. 169.

### *DISCUSSION*

**I.      Legal Standard**

The decision to grant or deny a motion for reconsideration lies squarely within the

discretion of the district court.  *See Devlin v. Transp. Comm'ns Union,* 175 F.3d 121, 132 (2d

Cir. 1999).  The standard for a motion for reconsideration "is strict, and reconsideration will

generally be denied unless the moving party can point to controlling decisions or [factual] data

that the court overlooked – matters, in other words, that might reasonably be expected to alter the

conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995);

*see also Arum v. Miller*, 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003) ("To grant such a motion the

Court must find that it overlooked matters or controlling decisions which, if considered by the

Court, would have mandated a different result.") (citation and internal quotation marks omitted).

"The major grounds justifying reconsideration are 'an intervening change of controlling law, the

availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18

C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790).  Thus, a "party

may not advance new facts, issues, or arguments not previously presented to the Court."  *Nat'l*

*Union Fire Ins. Co. v.  Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (internal quotation marks

omitted).

**II.      Knight's Motion for Reconsideration is Denied**

Knight argues that, in its March 3, 2012 Order (and in the October 19, 2010 and

December 9, 2010 Orders), the Court cited the May 12, 2006 dispositive motion deadline,

thereby overlooking the fact that on May 20, 2009 Judge Lindsay re-opened discovery and

allowed the introduction of new evidence to supplement the existing record in this case. (*See* Knight's Reply at 2.)  Of course, as discussed above, Judge Lindsay's May 20, 2009 Order was addressed in the Court's October 19, 2010 Order and was analyzed at length in its December 9, 2010 Order.  In both decisions, the Court's conclusion was the same: Knight did not specifically (or even generally) identify any evidence discovered *as a result of this additional period of discovery* that was not known to him or his counsel prior to 2009.  (*See* Dec. 9, 2010 Order at 5-6; Oct. 19, 2010 Order at 2 n.2.)  The Court's ruling in its March 3, 2012 Order, for which Knight seeks reconsideration, incorporated by reference the reasoning of the October 19, 2010 and December 9, 2010 Orders.  (Mar. 3, 2012 Order at 1.)  To date, Knight has still failed to identify which (if any) items of discovery were produced during the additional period of discovery permitted by Judge Lindsay in May 2009, and has failed to articulate why any such information was not known to him prior to the May 12, 2006 dispositive motion deadline. Indeed, as this Court noted in a prior Order, given that all of the additional discovery permitted by Judge Lindsay in May 2009 consisted of "either documents that defendants were required to produce to the SEC or witnesses within the defendants' control who were to be deposed by the SEC," it is "unclear how Knight could have acquired new information that would have formed the basis of a [belated] summary judgment motion."  (Dec. 9, 2010 Order at 5.)  Knight has not provided any clarification in this regard.

Accordingly, Knight's motion for reconsideration is denied.  Knight is instructed to carefully consider the rationale set forth at length in this Order, as well as in the October 19, 2010 and December 9, 2010 Orders.  Although he is pro se, Knight remains subject to the requirements and limitations of Federal Rule of Civil Procedure 11, and Knight is warned that any further

motion practice on this issue that consists solely of rehashed arguments already presented to and considered by this Court may subject him to the imposition of sanctions.

## III.   *The SEC's Motion in Limine*

The SEC has filed a motion in limine.  (*See* Docket No. 139.)  In its March 3, 2012 Order, the Court established the following briefing schedule with respect thereto: iShop and Knight were to serve and file opposition papers on or before March 30, 2012, and the SEC was to serve and file its reply papers, if any, on or before April 13, 2012.  (Mar. 3, 2012 Order at 1.)  At the separate requests of iShop and Knight, and with the consent of the SEC, the Court extended the briefing schedule for the in limine motion as follows: iShop and Knight's opposition papers were to be served and filed on or before April 20, 2012, and the SEC's reply was to be served and filed on or before May 4, 2012.  (Mar. 30, 2012 Elec. Order; Apr. 6, 2012 Elec. Order.)

Knight timely filed his opposition to the SEC's motion in limine, and the SEC filed its reply on May 4, 2012.  To date, iShop has not filed its opposition papers nor has it requested an extension of the deadline to do so.[4]  By letter dated May 7, 2012, Knight requests that the Court compel iShop to submit opposition to the SEC's motion in limine.  (Docket No. 182.)  Knight's request is denied.  The proper remedy for a party's failure to submit opposition to a motion in limine is not an order compelling that party to do so.  Rather, the Court deems the SEC's motion unopposed as it relates to iShop.  The Court will, of course, consider any and all arguments raised by Knight in his opposition papers.  The SEC's motion in limine is now deemed fully briefed.  All parties are directed to appear in Courtroom 930 on May 3, 2012 at 2:30 p.m. for oral

---

[4]      As the SEC makes clear in its reply memorandum, it was never served with a copy of any opposition papers from iShop.  (*See* SEC's Reply in Supp. of Mot. in Limine at 1.)

argument.  A date for jury selection and trial will be set thereafter.

Counsel for the SEC is directed to serve a copy of this Memorandum & Order upon pro se defendant Anthony M. Knight forthwith and to file proof of service on ECF.


**SO ORDERED.**

Dated:  Central Islip, New York
         January 10, 2013                                  /s/
                                                    Denis R. Hurley
                                                    Unites States District Judge

11