```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------
```
SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,             **MEMORANDUM AND ORDER**
                                             **04-CV-4057 (DRH)(ARL)**

      -against-

ISHOPNOMARKUP.COM, INC, SCOTT
W. BROCKOP, ANTHONY M. KNIGHT,
and MOUSSA YEROUSHALMI a/k/a
MIKE YEROUSH,

                Defendants.

----------------------------------------------------X

**APPEARANCES:**

**For the Plaintiff:**
**Securities and Exchange Commission**
3 World Financial Center
Room 4300
New York, NY 10281
By:    Alexander M. Vasilescu, Esq.
         Christopher J. Dunnigan, Esq.

**For the Defendant:**
**Anthony M. Knight**, *pro se*
330 A Street
Suite 152
San Diego, CA 92101


**HURLEY, Senior District Judge:**

        In an order dated September 3, 2015, the Court denied Anthony Knight's ("Knight")

motion for a new trial ("September Order") and entered judgment against Knight imposing

disgorgement and prejudgment interest in the amount of $4,819,140.23, a civil penalty in the

amount of $330,000, an officer and director bar, and an injunction against violating antifraud

provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934. (Docket

Entries ("DE") 269, 270.) In an Order dated October 28, 2015 ("October Order"), the Court found that Knight was not entitled to a stay of judgment pending appeal and denied Knight's request for additional time to file a motion for reconsideration of the September Order. (DE 283.)

Presently before the Court, are (1) Knight's motion to reconsider the portion of the October Order denying his request for a stay of judgment (DE 285) and (2) his motion to reconsider the portion of the October Order denying his request for an extension of the deadline for filing a motion to reconsider the September Order (DE 286). For the reasons set forth below, both motions for reconsideration are denied.

I. **Reconsideration of the Court's denial of Knight's request for an extension of time to file a motion to reconsider the September Order**

In a letter dated September 14, 2015, Knight notified the Court of his intention to file a motion for reconsideration of the September Order, but noted that "additional time [would] be needed to provide the" motion to the Court. (DE 272.) In denying his application for additional time, in an Order dated September 21, 2015, the Court explained that pursuant to Local Rule 6.3, Knight's time to file a motion for reconsideration expired on September 17, 2015, fourteen days after the entry of judgment, and it denied Knight's request for an extension of time to file his motion without prejudice and with the right to renew upon a showing that there is good cause to grant the extension.

Subsequently, in a letter dated September 26, 2015, (DE 277), Knight attempted to show good cause by arguing that although "plaintiff has stated that they informed [him] of the court's decision on September 3," via email, he did not receive the email. However, in the October Order, the Court, citing a Declaration from Christopher J. Dunnigan ("Dunnigan Aff."), which demonstrated that the SEC had served Knight by email, found with a concomitant explanation

that Knight had not shown good cause to extend the deadline for filing of a motion for reconsideration. Knight now requests that the Court reconsider the decision not to extend the deadline.

The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. *See Devlin v. Transp. Comm'ns Int'l Union,* 175 F.3d 121, 132 (2d Cir.1999). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995); *accord Arum v. Miller,* 304 F.Supp.2d 344, 347 (E.D.N.Y.2003); *see also U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.,* 182 F.R.D. 97, 100 (S.D.N.Y.1998)(concluding that a motion for reconsideration under Local Civil Rule 6.3 "provides the Court with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice"). The moving party, however, may not repeat "arguments already briefed, considered and decided." *Schonberger v. Serchuk,* 742 F.Supp. 108, 119 (S.D.N.Y.1990); *accord Polsby v. St. Martin's Press, Inc.,* 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000); *see also Medoy v. Warnaco Employees' Long Term Disability Ins. Plan,* 2006 WL 355137 (E.D.N.Y. Feb. 15, 2006) ("The standard for ... reconsideration is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.").

In his submission, Knight argues that in serving a copy of the Court's Order on him, the SEC was required to comport with the requirements of Federal Rule of Civil Procedure ("Rule") 4(e). Rule 4(e), however, applies only to service of the summons and complaint, and not to service of court orders. Moreover, Knight has not provided any legal support for his claim that

service of the court's order via email was improper. As a result, Knight's motion for reconsideration is denied.

## II. Reconsideration of the Court's denial of a stay pending appeal

Also presently before the Court is Knight's motion for reconsideration of the portion of the October Order denying his motion for stay of judgment pending appeal. Knight claims that "the Court overlooked controlling law and factual matters that would have reasonably altered the Court's decision." (DE 286 at 1.)

With respect to the non-monetary portion of the judgment, as noted in the October Order, "[i]n deciding whether to grant a motion to stay an injunction pending appeal, a court should consider four factors: (1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although less than likelihood, of a success' on appeal, and (4) the public interests that may be affected." *Church & Dwight Co., Inc. v. SPD Swiss Precision Diagnostics, GmbH*, 2015 WL 5051769, at *1-2 (S.D.N.Y. Aug. 26, 2015) (quoting *LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir. 1994). In his submission, Knight has not provided any information persuading the Court to alter its analysis of the factors in the October Order. The Court maintains that even assuming Knight would be irreparably harmed by the judgment, he still "has not demonstrated that any of the other factors weigh in favor of a stay," (October Order at 3), thereby failing to persuade the Court that a stay is warranted.

Moreover, with respect to the monetary judgment, as stated in the October Order, Rule 62(d) provides that where "an appeal is taken, the appellant may obtain a stay by supersedeas bond." Moreover, the Second Circuit has stated that courts should consider the following five factors in determining whether to waive the bond requirement: (1) the complexity of the

4

collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *In re Nassau County Strip Search Cases*, 783 F.3d 414, 417-18 (2d Cir. 2015).

Knight now provides the Court with a signed declaration stating that he does "not have the financial resources in cash or collateral required to purchase a bond for the judgment amount." (Mot. for Reconsideration of Order Denying Reconsideration and Stay, Ex. C., ¶ 2.) However, Knight has not offered any new information that would alter the Court's analysis of the five factors in the October Order. In other words, he still has not demonstrated that any of the factors weigh in favor of waiving the bond requirement. As a result, his motion for reconsideration of the Court's decision to deny his motion for stay of the judgment pending appeal is denied.

## CONCLUSION

For the foregoing reasons, Knight's motions for reconsideration of the October Order are denied.

**SO ORDERED.**

Dated: Central Islip, New York
      August 18, 2016                                     _____/s/_____
                                                                   Denis R. Hurley
                                                                   United States District Judge