UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------
SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,             **MEMORANDUM AND ORDER**
                                              **04-CV-4057 (DRH)(ARL)**

        -against-

ISHOPNOMARKUP.COM, INC, SCOTT
W. BROCKOP, ANTHONY M. KNIGHT,
and MOUSSA YEROUSHALMI a/k/a
MIKE YEROUSH,

                Defendants.

---------------------------------------------------X

**APPEARANCES:**

**For the Plaintiff:**
**Securities and Exchange Commission**
3 World Financial Center
Room 4300
New York, NY 10281
By:    Christopher J. Dunnigan, Esq.

**For the Defendant:**
**Anthony M. Knight**, *pro se*
330 A Street
Suite 152
San Diego, CA 92101


**HURLEY, Senior District Judge:**

       In an order dated September 3, 2015, the Court denied Anthony Knight's ("Knight")

motion for a new trial ("September Order") and entered judgment against Knight imposing

disgorgement and prejudgment interest in the amount of $4,819,140.23, a civil penalty in the

amount of $330,000, an officer and director bar, and an injunction against violating antifraud

provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934. (Docket

Entries ("DE") 269, 270.) In an Order dated October 28, 2015 ("October Order"), the Court found that Knight was not entitled to a stay of judgment pending appeal and denied Knight's request for additional time to file a motion for reconsideration of the September Order. (DE 283.) Subsequently, in an opinion dated August 18, 2016 (DE 291, "the Reconsideration Order") the Court denied (1) Knight's motion to reconsider the portion of the October Order denying his request for a stay of judgment (DE 285) and (2) his motion to reconsider the portion of the October Order denying his request for an extension of the deadline for filing a motion to reconsider the September Order (DE 286).

Presently before the Court are Knight's motions (DEs 292, 294) to reconsider the Court's Reconsideration Order. Those motions are denied. There is no procedural vehicle for the reconsideration of a motion for reconsideration. *Chesney v. Valley Stream Union Free Sch. Dist.*, 2009 WL 3245384, at *3 (E.D.N.Y. Oct. 1, 2009). Moreover, even if reconsideration was available, Knight has not met the strict standard for reconsideration as he has not presented any newly discovered evidence or authority evidencing a change in the law that would alter the Court's previous decision. *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.,* 182 F.R.D. 97, 100 (S.D.N.Y.1998). Nor has Knight demonstrated that reconsideration is necessary to prevent manifest injustice. *Id*. Furthermore, he has not advanced any "new arguments or issues that could [not] have been raised on the original motion." *Kalamas v. Consumer Solutions REO, LLC*, 2011 WL 6026303, at *1 (E.D.N.Y. Nov. 30, 2011). As a result, Knight's motions for reconsideration are denied.

**SO ORDERED.**

Dated: Central Islip, New York
December 8, 2016

_____/s/_____
Denis R. Hurley
United States District Judge