UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------
SECURITIES AND EXCHANGE
COMMISSION,

                       Plaintiff,

      -against-

ISHOPNOMARKUP.COM, INC, SCOTT
W. BROCKOP, ANTHONY M. KNIGHT,
and  MOUSSA YEROUSHALMI a/k/a
MIKE YEROUSH,

                  Defendants.

-------------------------------------------------------X

**MEMORANDUM AND ORDER**
**04-CV-4057 (DRH)(ARL)**

**APPEARANCES:**

**For the Plaintiff:**
**Securities and Exchange Commission**
3 World Financial Center
Room 4300
New York, NY 10281
By:    Christopher J. Dunnigan, Esq.

**For the Defendant:**
**Anthony M. Knight**, *pro se*
330 A Street
Suite 152
San Diego, CA 92101

**HURLEY, Senior District Judge:**

      In an order dated September 3, 2015, the Court denied Anthony Knight's ("Knight")

motion for a new trial ("September Order") and entered judgment against Knight imposing

disgorgement and prejudgment interest in the amount of $4,819,140.23, a civil penalty in the

amount of $330,000, an officer and director bar, and an injunction against violating antifraud

provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934.  (Docket

Entries ("DE") 269, 270.)  In an Order dated October 28, 2015 ("October Order"), the Court found that Knight was not entitled to a stay of judgment pending appeal and denied Knight's request for additional time to file a motion for reconsideration of the September Order.  (DE 283.)  Subsequently, in an opinion dated August 18, 2016 (DE 291, "the First Reconsideration Order") the Court denied (1) Knight's motion to reconsider the portion of the October Order denying his request for a stay of judgment (DE 285) and (2) his motion to reconsider the portion of the October Order denying his request for an extension of the deadline for filing a motion to reconsider the September Order (DE 286).  Knight then filed motions (DEs 292, 294) to reconsider the Court's First Reconsideration Order.  In an Order dated December 8, 2016 (DE 296, "the Second Reconsideration Order), the Court denied those motions finding that there is no procedural vehicle for the reconsideration of an order on a motion for reconsideration, *Chesney v. Valley Stream Union Free Sch. Dist.*, 2009 WL 3245384, at *3 (E.D.N.Y. Oct. 1, 2009), and additionally that Knight had not met the strict standard for reconsideration.  Knight now moves for reconsideration of the Second Reconsideration Order.

For the same reasons set forth in the Court's aforementioned prior orders, Knight's motion is denied.  As is apparent from a review of Knight's submissions, his continued filing of papers is an abuse of the judicial process.  In order to conserve judicial resources, Knight is now cautioned that, should he continue to file reconsideration motions, the Court will consider the entry of a filing injunction.  The Second Circuit has long held that the Court has the authority to issue a filing injunction when "a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks and citations omitted).  Indeed, "every paper filed . . . no matter how repetitive or frivolous, requires some portion of the [Court's]

2

limited resources.  A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.  The continual processing of . . . frivolous requests . . . does not promote that end." *In re McDonald*, 489 U.S. 180, 184 (1989).  The Court informs Knight that repeating the same arguments will not change this Court's numerous prior rulings.

For the reasons set forth above, Knight's motion for reconsideration is denied.

  **SO ORDERED.**

Dated: Central Islip, New York
  April 6, 2017        _____/s/_____
                     Denis R. Hurley
                     United States District Judge